UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JUSTIN ODELL LANGFORD, | Case No. 3:19-cv-00324-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Plaintiff Justin Odell Langford asserts constitutional claims against the Social Security Administration for withholding Plaintiff's "backpay fraudulently." (ECF No. 1-1 at 4.) Following removal, Plaintiff filed a motion to disqualify United States Magistrate Judge William G. Cobb under 28 U.S.C. §§ 144 and 455 ("Motion"). (ECF No. 4.) Judge Cobb denied Plaintiff's Motion. (ECF No. 5.) Before the Court is Plaintiff's objection to Judge Cobb's order. (ECF No. 8.) The Court agrees with Judge Cobb that there is no valid basis to seek his disqualification and accordingly overrules Plaintiff's objection.

28 U.S.C. § 455(a) mandates disqualification if the judge's impartiality might reasonably be questioned. Section 455(b) identifies circumstances that compel disqualification. 28 U.S.C. § 144 provides that a party may submit an affidavit that the presiding judge "has a personal bias or prejudice [against her] or in favor of any adverse party" and requires that said affidavit "state the facts and the reasons" for such belief. The reasons for disqualification under sections 144 and 455 not apply.

Plaintiff argues that Judge Cobb must recuse because he has filed a lawsuit against Judge Cobb in case no. 3:19-cv-00326-MMD-CBC ("Lawsuit"). (ECF No. 4 at 3.) Notably,

1    the Lawsuit was initiated by Plaintiff's filing of an application to proceed in forma pauperis

2    on June 14, 2019, the day after this case was removed. (Lawsuit, ECF No. 1.) The

3    proposed complaint in the Lawsuit has not yet been screened as required under 28 U.S.C.

4    § 1915. Regardless, the proposed complaint naming Judge Cobb arose from alleged

5    damages Plaintiff sustained in connection with another civil rights case that was referred

6    to Judge Cobb. (Lawsuit, ECF No. 1-1 at 2.) Plaintiff insists that "the fact [that Judge Cobb]

7    is being sued for such a large sum [$1,500,000] and can't do nothing about [it] is enough

8    to show his impartiality can . . . reasonably be questioned." (ECF No. 8 at 2.)

9          However, Plaintiff cannot seek to disqualify Judge Cobb, or any judge for that

10    matter, based on a lawsuit that Plaintiff filed against the judge, particularly when the lawsuit

11    is grounded on the judge's rulings in another case. *See Ronwin v. State Bar of Ariz.*, 686

12    F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466

13    U.S. 558 (1984) (citing *United States v. Grismore*, 564 F.2d 929, 933 (10th Cir. 1977));

14    *see also Buttercase v. Frakes*, No. 8:18CV131, 2019 WL 2231133, at *1 (D. Neb. May 23,

15    2019). The Court agrees with Judge Cobb that Plaintiff cannot show that grounds for

16    recusal exist under either sections 144 or 455.

17          It is therefore ordered that Plaintiff's objection (ECF No. 8) is overruled.

18          DATED THIS 15th day of July 2019.

19

20                                          _____

21                                       MIRANDA M. DU
                                        UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28